Crew, C. J.
Under favor of the act of the general assembly of the state of Ohio passed April 2, 1906, entitled “An act to regulate railroads and other common carriers in this state, create a board of railroad commissioners, prevent the imposition of unreasonable rates, prevent unjust discriminations and insure an adequate railway service,” Section 244-16, Revised Statutes, Aaron E. Price, a citizen of Ohio residing in the village of Athens in said state, on December 6, 1906, duly presented his petition or complaint to the board of railroad commissioners created by said act, charging in said complaint that The Hocking Valley Railway Company was guilty of unjust and unreasonable discrimination in the matter of the passenger fares charged by said company between certain points located on its line of rail *421 way within the state of Ohio. Upon the hearing of said complaint a finding and order was made by said railroad commission in favor of the complainant and against the defendant The Hocking Valley Railway Company.- Thereupon, said railway company filed its petition in the Court of Common Pleas of Franklin county, Ohio, — as by the above mentioned act it was authorized to do,— alleging in said petition that the order made by said railroad commission was unreasonable and unlawful, and • asking that said order be vacated and set aside. To this petition the railroad commission was made a party defendant in the manner provided in said act, and filed its answer denying therein that the order made by it against said railway company was either unlawful or unreasonable. Upon the hearing of said cause in the court of common pleas that court, upon the issues joined found for the plaintiff The Hocking Valley Company, and rendered a judgment setting aside and vacating the order theretofore made by said railroad commission. Thereupon the defendant railroad commission appealed said cause to the Circuit Court of Franklin county where the same was again tried upon the pleadings and evidence. Upon this trial, the circuit court found, as had the court of common pleas, in favor of the railway company, and accordingly, on March 25, 1908, said circuit court entered a judgment vacating and setting aside the order made by said railroad commission against said railway company. To obtain a reversal of this judgment of the circuit court, of March 25, 1908, the railroad commission, within four months from the *422 time said judgment was rendered, but more than sixty days after its rendition and entry, to-wit: on June 30, 1908, commenced proceedings in error, by filing in this court its petition in error and causing a summons to issue thereon for defendant in error The Hocking Valley Railway Company, which summons was duly served and returned. On January 9, 1909, the defendant in error filed in this court the following motion: “Now comes the defendant in error, appearing solely for the purpose of this motion and not intending to enter its appearance, and moves the court that these proceedings in error be dismissed for the reason that said proceeding's were not commenced within the time prescribed therefor by statute.” The question of jurisdiction presented by this motion to dismiss is the sole question now before this court for determination. In support of this motion, and to establish their claim that this court is without jurisdiction to entertain the present proceeding in error, because not commenced in this court within sixty days after judgment was rendered by the circuit court, counsel for defendant in error cite and wholly rely upon the provisions of Section 16 of the act above referred to. The provisions of that Section, so far as they prescribe the practice and procedure necessary to obtain a rehearing or review of orders made by the railroad commission, are as follows: “Section 16. Any railroad or other party in interest being dissatisfied with any order of the commission fixing any rate or rates, fares, charges, classifications, joint rate or rates, or any order fixing any regulations, practices or services, may, within *423 sixty days, commence an action in the court of common pleas against the commission as defendant to vacate and set aside any such order on the ground that the rate or rates, fares, charges, •classifications, joint rate or rates, fixed in such order, is unlawful or unreasonable, or that any such regulation, practice or service, fixed in such order, is unreasonable, in which action the adverse parties shall be served with the summons. * * *
“b. If, upon the trial of such action, evidence shall be introduced by the plaintiff which is found by the court to be different from that offered upon the hearing before the commission, or additional thereto, the court before proceeding to render judgment, unless the parties to such action stipulate in writing to the contrary, shall transmit a copy of such evidence to the commission, and shall stay further proceedings in said action for fifteen days from the date of such transmission. Upon the receipt of such evidence the commission shall consider the same, and may alter, modify, amend or rescind its order relating to such rate or rates, fares, charges, classification, joint rate or rates, regulation, practice or service complained of in said action, and shall report its action thereon to said court within ten days from the receipt of such evidence.
"c. If the commission shall rescind its order complained of, the action shall be dismissed; if it shall alter, modify or amend the same, such altered, modified or amended order shall take the place of the original order complained of, and judgment shall be rendered thereon, as though *424 made by the commission in the first instance. If the original order shall not be rescinded or changed by the commission, judgment shall be rendered upon such original order.
“d. Either party to said action, within sixty days after service of a copy of the order or judgment of the court may appeal or take the case up on error as in other civil actions. Where an appeal is taken the cause shall, on the return of the papers to the higher court, be immediately placed on the calendar of the then pending term, and shall be assigned and brought to a hearing in the same manner as other causes on the calendar.”
The above section was borrowed from the railroad commission act of the state of Wisconsin, found in volume 3 of the supplement to Wisconsin statutes, page 899, Section 1797-16, and would seem to have been adopted by our legislature without sufficient consideration having been given to the difference in the judicial systems, and in the rules ■ of practice and procedure in the two states. This doubtless may account for certain provisions being left in paragraph d of above section, which are wholly inapplicable to the practice and procedure in this state, but are in entire accord with the authorized practice and pro-' cedure of the state of Wisconsin. By the Wisconsin statute, the action to vacate or set aside an' order of the railroad commission must be commenced in the circuit court, which is a court of general jurisdiction corresponding closely to our court of common pleas, and from that court an appeal is allowed to the supreme court, there being in that *425 state no intermediate court between the circuit and supreme courts.
It will be seen upon examination of Section 16, as above set out, that said section in the first instance makes provision whereby any party in interest, being dissatisfied with any order of the commission fixing any rates, etc., may within sixty days commence' an action against said commission in the court of common pleas; and it defines and prescribes the rules of procedure in that court, from the time of the commencement of such action until final judgment therein. Then follows this provision, found in paragraph d of said section, upon which defendant in error in this case relies: “Either party to said action within sixty days after service of a copy of the order or judgment of the court may appeal or take the case up on error as in other civil actions.”
It is claimed by counsel for defendant in error, that the provisions of this paragraph prescribe the rule and fix a limitation for the prosecution of proceedings in error in actions commenced under said section, as well from a judgment of the circuit court as from the judgment of the court of common pleas. Such interpretation is, we think, erroneous and unwarranted and contrary to the legislative intent. By the plain language of this paragraph, the right thereby given to appeal or prosecute error, is in terms limited to a party to “said action,” and is to be exercised by him only in respect to the judgment rendered, or order made by said court of common pleas in such action. This paragraph it will be observed *426 provides for and authorizes both appeal and error, and if its provisions are to be construed as applying alike to judgments of the circuit court and of the court of common pleas in actions commenced under Section 16 of the railroad commission act, then in all such actions, by virtue of said provision, an appeal is allowed and may be taken, from the circuit court to the supreme court. That the legislature did not intend by such enactment to thereby adopt a rule so at variance with the firmly established and universally recognized mode of judicial procedure in this state, ana one so inconsistent with statutes already in force defining the jurisdiction of this court and prescribing the manner in which only such jurisdiction may be invoked, would seem to us, from a consideration of the language employed to be perfectly clear. The general assembly by the adoption and enactment of this statute did not, we think, intend or attempt to do more than simply to provide, that subject to the limitation therein prescribed, in all actions prosecuted under favor of said enactment, an appeal might be taken, or error might be prosecuted from the judgment of the court of common pleas to the circuit court, as in other civil actions. Such then being the purpose and only office of paragraph d, the force of its provisions are expended when resort is had to the circuit court either by appeal, or by a proceeding in error. It follows, that in the present proceeding in error, the jurisdiction of this court having been regularly invoked in the manner provided in Sections 6710 and 6713, *427 Revised Statutes, within the time limited by Section 6723, Revised Statutes, for the commencement of error proceedings, this court acquired, and now has, jurisdiction of said proceeding in error, and the motion to dismiss must be overruled.

Motion overruled.

Summers, Spear, Shauck and Price, JJ., concur.